# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS

In re: §
§
CHRISTOPHER M REYNOLDS § Case No. 09-04555
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 02/13/2009. The undersigned trustee was appointed on 02/13/2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of         $    52,516.75

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 20,400.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 32,116.75 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (10/1/2010) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 07/29/2009 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 5,875.84 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 5,875.82 , for a total compensation of $ 5,875.82 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/16/2011                By:/s/Gregg Szilagyi
                                   Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (10/1/2010) *(Page: 2)*

Page: 1

Exhibit A

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 09-04555 ERW Judge: Eugene R. Wedoff
Case Name: CHRISTOPHER M REYNOLDS

For Period Ending: 05/16/11

Trustee Name: Gregg Szilagyi
Date Filed (f) or Converted (c): 02/13/09 (f)
341(a) Meeting Date: 03/23/09
Claims Bar Date: 07/29/09

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | Checking Account with WAMU | 0.00 | 0.00 | DA | 0.00 | FA |
| 2 | Checking account with National City - no carryover balance | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 3 | Household Goods | 800.00 | 800.00 | DA | 0.00 | 800.00 |
| 4 | Wearing Apparel | 500.00 | 500.00 | DA | 0.00 | 500.00 |
| 5 | Employer Provided Life Insurance NCV | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 6 | Debtor is a plaintiff in a lawsuit -- 08 cv 02115 -- Reynold | 0.00 | 0.00 | | 0.00 | 0.00 |
| 7 | 2004 Lincoln Aviator 50K Miles | 11,205.00 | 11,205.00 | DA | 0.00 | 11,205.00 |
| 8 | 3 Dogs | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 9 | EMPLOYMENT ACTION (u) | Unknown | 0.00 | | 52,500.00 | FA |
| INT | Post-Petition Interest Deposits (u) | Unknown | N/A | | 16.75 | Unknown |

TOTALS (Excluding Unknown Values) $12,505.00 $12,505.00 $52,516.75

Gross Value of Remaining Assets
$12,505.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 12/31/10  Current Projected Date of Final Report (TFR): / /

_____

**UST Form 101-7-TFR (10/1/2010)** *(Page: 3)*

Exhibit B

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 09-04555
Case Name: CHRISTOPHER M REYNOLDS
Taxpayer ID No: XX-XXX4959
For Period Ending: 05/16/11

Trustee Name: Gregg Szilagyi
Bank Name: Bank of America
Account Number/CD#: XXXXXX1928 - MONEY MARKET ACCOUNT
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/12/09 | 9 | I-CAR | SETTLEMENT PAYMENT FOR PI SUIT | 1129-000 | 52,500.00 | | 52,500.00 |
| 08/31/09 | INT | Bank of America | Interest Rate 0.050 | 1270-000 | 0.98 | | 52,500.98 |
| 09/30/09 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 2.11 | | 52,503.09 |
| 09/30/09 | | Transfer to Acct#XXXXXX1931 | Transfer of Funds | 9999-000 | | 20,400.00 | 32,103.09 |
| 10/30/09 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.81 | | 32,103.90 |
| 11/30/09 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.80 | | 32,104.70 |
| 12/31/09 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.82 | | 32,105.52 |
| 01/29/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.82 | | 32,106.34 |
| 02/26/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.74 | | 32,107.08 |
| 03/31/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.82 | | 32,107.90 |
| 04/30/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.79 | | 32,108.69 |
| 05/28/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.81 | | 32,109.50 |
| 06/30/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.80 | | 32,110.30 |
| 07/30/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.81 | | 32,111.11 |
| 08/31/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.82 | | 32,111.93 |
| 09/30/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.79 | | 32,112.72 |
| 10/29/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.82 | | 32,113.54 |
| 11/30/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.79 | | 32,114.33 |
| 12/31/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.82 | | 32,115.15 |
| 01/31/11 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.82 | | 32,115.97 |
| 02/28/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.25 | | 32,116.22 |
| 03/31/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.27 | | 32,116.49 |
| 04/29/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.26 | | 32,116.75 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 52,516.75 | 20,400.00 |
| Less: Bank Transfers/CD's | 0.00 | 20,400.00 |
| Subtotal | 52,516.75 | 0.00 |
| Less: Payments to Debtors | 0.00 | 0.00 |
| Net | 52,516.75 | 0.00 |

Page Subtotals  52,516.75  20,400.00

Page: 2
Exhibit B

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 09-04555
Case Name: CHRISTOPHER M REYNOLDS
Taxpayer ID No: XX-XXX4959
For Period Ending: 05/16/11

Trustee Name: Gregg Szilagyi
Bank Name: Bank of America
Account Number/CD#: XXXXXX1931 - CHECKING ACCOUNT
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 Transaction Date | 2 Check or Reference | 3 Paid To / Received From | 4 Description Of Transaction | Uniform Tran. Code | 5 Deposits ($) | 6 Disbursements ($) | 7 Account/CD Balance ($) |
|---|---|---|---|---|---|---|---|
| 09/30/09 | | Transfer from Acct#XXXXXX1928 | Transfer of Funds | 9999-000 | 20,400.00 | | 20,400.00 |
| 09/30/09 | 001001 | Pedersen & Weinstein LLP 55 East Jackson Suite 710 Chicago, IL 60604 | Reynolds 09-04555 contingency fee | 3210-000 | | 20,400.00 | 0.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 20,400.00 | 20,400.00 |
| Less: Bank Transfers/CD's | 20,400.00 | 0.00 |
| Subtotal | 0.00 | 20,400.00 |
| Less: Payments to Debtors | 0.00 | 0.00 |
| Net | 0.00 | 20,400.00 |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| MONEY MARKET ACCOUNT - XXXXXX1928 | 52,516.75 | 0.00 | 32,116.75 |
| CHECKING ACCOUNT - XXXXXX1931 | 0.00 | 20,400.00 | 0.00 |
| TOTAL OF ALL ACCOUNTS | 52,516.75 | 20,400.00 | 32,116.75 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

Total Allocation Receipts: 0.00
Total Net Deposits: 52,516.75
Total Gross Receipts: 52,516.75

Page Subtotals  20,400.00  20,400.00

UST Form 101-7-TFR (10/1/2010) *(Page: 5)*

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 09-04555  
Debtor Name: REYNOLDS, CHRISTOPHER M  
Claims Bar Date: 07/29/09  
Date: May 16, 2011

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Gregg Szilagyi<br>542 South Dearborn Street<br>Suite 1060<br>Chicago, Illinois 60605 | Administrative | | $0.00 | $5,875.84 | $5,875.84 |
| 100 2200 | Gregg Szilagyi<br>542 South Dearborn Street<br>Suite 1060<br>Chicago, Illinois 60605 | Administrative | | $0.00 | $0.00 | $0.00 |
| 100 3210 | JOSEPH A. BALDI & ASSOCIATES<br>19 SOUTH LASALLE STREET<br>CHICAGO, ILLINOIS 60602 | Administrative | | $0.00 | $13,590.00 | $8,000.00 |
| 100 3220 | JOSEPH A. BALDI & ASSOCIATES<br>19 SOUTH LASALLE STREET<br>CHICAGO, ILLINOIS 60602 | Administrative | | $0.00 | $323.21 | $323.21 |
| 4 210 5100 | Michelle Hanson<br>c/o James Shaffer<br>20 N Clark Street<br>Chicago, Illinois 60602 | Priority | | $0.00 | $20,130.00 | $0.00 |
| 6 210 5100 | Michelle Hanson<br>c/o James Shaffer<br>20 N Clark Street<br>Chicago, Illinois 60602 | Priority | | $0.00 | $16,556.92 | $0.00 |
| 6 210 5100 | Michelle Hanson<br>c/o James Shaffer<br>20 N Clark Street<br>Chicago, Illinois 60602 | Priority | DOMESTIC SUPPORT OBLIGATION | $0.00 | $24,076.92 | $20,000.00 |
| 1 300 7100 | Legend Lakes Condominium Association<br>c/o Kovitz Shifrin Nesbit<br>750 West Lake Cook Rd.<br>Suite 350<br>Buffalo Grove, IL 60089 | Unsecured | | $0.00 | $8,259.66 | $8,259.66 |
| 1 300 7100 | Legend Lakes Condominium Association<br>c/o Kovitz Shifrin Nesbit<br>750 West Lake Cook Rd.<br>Suite 350<br>Buffalo Grove, IL 60089 | Unsecured | | $0.00 | $7,889.66 | $7,889.66 |
| 1 300 7100 | Legend Lakes Condominium Association<br>c/o Kovitz Shifrin Nesbit<br>750 West Lake Cook Rd.<br>Suite 350<br>Buffalo Grove, IL 60089 | Unsecured | | $0.00 | $7,889.66 | $7,889.66 |
| 2 300 7100 | PYOD LLC its successors and assigns as assignee of Citibank<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602- | Unsecured | | $0.00 | $11,103.18 | $11,103.18 |
| 3 300 7100 | PYOD LLC its successors and assigns as assignee of Citibank<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602- | Unsecured | | $0.00 | $15,712.43 | $15,712.43 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 09-04555  
Debtor Name: REYNOLDS, CHRISTOPHER M  
Claims Bar Date: 07/29/09  
Date: May 16, 2011

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 5<br>300<br>7100 | Wells Fargo Bank, N.A.<br>4137 121st Street<br>Urbandale, IA 50323 | Unsecured | | $0.00 | $2,101.21 | $2,101.21 |
| | Case Totals | | | $0.00 | $133,508.69 | $87,154.85 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-04555
Case Name: CHRISTOPHER M REYNOLDS
Trustee Name: Gregg Szilagyi

Balance on hand $ 32,116.75

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Gregg Szilagyi | $ 5,875.82 | $ 0.00 | $ 5,875.82 |
| Attorney for Trustee Fees: JOSEPH A. BALDI & ASSOCIATES | $ 8,000.00 | $ 0.00 | $ 8,000.00 |
| Attorney for Trustee Expenses: JOSEPH A. BALDI & ASSOCIATES | $ 323.21 | $ 0.00 | $ 323.21 |

Total to be paid for chapter 7 administrative expenses $ 14,199.03

Remaining Balance $ 17,917.72

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 20,000.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 6 | Michelle Hanson | $ 20,000.00 | $ 0.00 | $ 17,917.46 |
| | Total to be paid to priority creditors | | | $ 17,917.46 |
| | Remaining Balance | | | $ 0.26 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 52,955.80 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Legend Lakes Condominium Association | $ 7,889.66 | $ 0.00 | $ 0.00 |
| 1 | Legend Lakes Condominium Association | $ 7,889.66 | $ 0.00 | $ 0.00 |
| 1 | Legend Lakes Condominium Association | $ 8,259.66 | $ 0.00 | $ 0.00 |
| 2 | PYOD LLC its successors and assigns as assignee of | $ 11,103.18 | $ 0.00 | $ 0.00 |
| 3 | PYOD LLC its successors and assigns as assignee of | $ 15,712.43 | $ 0.00 | $ 0.00 |
| 5 | Wells Fargo Bank, N.A. | $ 2,101.21 | $ 0.00 | $ 0.00 |
| | Total to be paid to timely general unsecured creditors | | | $ 0.00 |
| | Remaining Balance | | | $ 0.26 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE